### KELLOGG v. NASSAU COTTAGE & REALTY CO.

(Supreme Court, Appellate Term. June 5, 1908.)

APPEAL AND ERROR—REVIEW—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In an action for professional services, where the issue was sharply drawn between plaintiff and the president of defendant corporation as to whether plaintiff performed the services in his individual capacity and at the request of defendant corporation as special counsel, or whether they were performed by plaintiff as a partner of defendant's president. with whom he had formed a partnership after substantially all the services were rendered, with the alleged understanding that the partnership should only extend to subsequently acquired business, and this issue was submitted to the jury upon a charge to which no exceptions were taken, the exclusion of evidence as to an alleged admission made by plaintiff in a conversation with a witness as to plaintiff's being connected with defendant's president at the time the services were rendered was not prejudicial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4187–4193.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Frederick H. Kellogg against the Nassau Cottage & Realty Company. From an order setting aside a verdict and vacating the judgment entered thereon, plaintiff appeals. Reversed, and verdict reinstated.

Argued before GILDERSLEEVE, P. J., and DAYTON, and GERARD, JJ.

Frederick H. Kellogg, in pro. per.
Maxson & Jones, for respondent.

PER CURIAM. The action was for professional services of plaintiff as an attorney. The pleadings were oral. The defense was a general denial, a demand for a bill of particulars, and a claim that de-

fendant was a party plaintiff. On the trial no attempt was made to dispute the value of the services, which plaintiff and two disinterested witnesses testified were worth at least $1,500. Plaintiff explained his demand for $500 only was made because of his wish to procure a speedy trial.

The only question really at issue between the parties and submitted to the jury was whether plaintiff performed the services in his individual capacity and at the request of defendant corporation as special counsel, or whether such services were performed by the plaintiff as a member of the law firms of Kellogg & Griffiths and Kellogg, Parsons & Griffiths Griffiths was the president of the defendant corporation, and he and the plaintiff occupied offices together at and after the time when these services were performed. The plaintiff claimed that, though they occupied these offices together, they were not partners, and that no services which were included in his bill of particulars were performed by him as a member of the subsequently formed firm of Kellogg, Parsons & Griffiths; the understanding being, as to that firm, that the partnership was only to extend to new business secured after its formation. It is undisputed that the attorneys of record in the proceeding wherein the services were rendered were the firm of Parsons & Griffiths, and it is not claimed that plaintiff joined that firm until substantially all the services were rendered, and, as has already been stated, he claimed that when he became a member of that firm it was with the understanding that that partnership should only extend to subsequently acquired business. The issue was thus sharply drawn between the plaintiff and Griffiths as to the fact and conditions of the plaintiff's employment, and this issue was submitted to the jury upon a charge to which no exceptions were taken. The jury rendered a verdict for plaintiff in the full amount sued for. This was on January 15, 1908. The defendant immediately moved to set aside the verdict of the jury as against the weight of evidence. This motion was denied. Five days thereafter the defendant renewed its motion on the same grounds, and upon the further ground that the court had improperly excluded the evidence of a certain witness. The court reserved decision, and at the same time the defendant appealed to this court from the judgment. On March 5th an order was entered dismissing that appeal, unless defendant filed its return within ten days, which time would expire on March 15th. On March 13th the trial court entered an order setting aside the verdict, vacating the judgment, and setting the case down for trial. No notice of settlement having been served, it was then too late to file the return under the three days' rule, so that the appeal was necessarily dismissed. The order setting aside the verdict and vacating the judgment recited that it was "upon the ground that the court erred in excluding upon objection by the plaintiff certain testimony from the witness Paul K. Ames, offered by the defendant; defendant having duly excepted to same."

It is difficult to explain the extraordinary delay of the learned trial court in passing upon this motion, and the explanation becomes still more difficult when the character of the testimony excluded is con-

sidered. The witness Ames was a party defendant in the foreclosure proceedings wherein plaintiff's services were alleged to have been performed. He testified that he had had various conversations with plaintiff concerning negotiations which might be made after the termination of the foreclosure proceedings between the defendant corporation and an association which Ames represented as receiver. He was then asked:

"Q. Do you remember what Mr. Kellogg said, if anything, in regard to his being connected with Mr. Griffiths at that time?"

This was excluded by the learned trial court upon the ground that Mr. Kellogg had not been questioned, and the defendant was bound to interrogate the plaintiff first. Defendant's counsel then stated:

"I want to, ask him if he had a conversation in which Mr. Kellogg made a certain admission, and I understand an admission is always admissible in evidence at any time.

"The Court: On a prima facie case, to make out a case, yes.

"Defendant's Counsel: I do not ask it for the purpose of contradicting him—the plaintiff.

"The Court: Then you cannot introduce it, because you are now on the defense. You must call the plaintiff's attention to it, and ask him concerning the matter.

"Defendant's Counsel: I will take an exception."

And this is the testimony which, after nearly two month's deliberation, the learned trial justice decided had been erroneously excluded. There was no attempt to recall Mr. Kellogg and question him as to this alleged conversation and admission. The issue being squarely one of fact between plaintiff and Griffiths, it is difficult to understand upon what theory the learned trial court could hold that this mythical excluded evidence was so material to that issue that its exclusion was prejudicial to the defendant's case. That being the only possible reason upon which the motion to set aside the verdict and va- cate the judgment could be granted, it is apparent that the learned trial court committed error in granting that motion and in entering the order thereon.

The order must be reversed in all respects, with costs of this appeal, and the verdict reinstated.